UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID E. ROBERTS, ET AL.

VERSUS

MIKE GRIMMER, ET AL.
ET AL.

CIVIL ACTION

NO. 11-313-JJB

## RULING ON MOTION TO DISMISS

This matter is before the court on a motion by defendants Earl Price and Richard Price Contracting Co. to dismiss pursuant to Fed. Rule Civ. P. 12(b)(6). Plaintiffs, David Roberts, Bradley Roberts and Pine Shadows Property, LLC, oppose the motion. There is no need for oral argument.

A motion to dismiss under Rule 12(b)(6) is designed to test whether the allegations of the complaint "state a claim upon which relief can be granted." **Ashcroft v. Iqbal**, 129 S.Ct. 1937 (2009). Although detailed factual allegations are not necessary, plaintiff must furnish more than "labels and conclusions" or mere speculation.

In the matter at hand, the moving defendants (who are clearly private persons) contend that plaintiffs have not sufficiently alleged state action. More particularly, defendants contend that plaintiffs have not alleged facts to

1

show that they acted jointly and in concert with Grimmer and "Livingston"[1] (the state actors identified in the petition). Citing **Bayou Fleet, Inc. v. Alexander**, 68 F.Supp.2d 734 (E.D. La. 1999), defendants argue that there must be allegations that the private persons "directed themselves towards an unconstitutional action by virtue of a mutual understanding" with the state actors. According to defendants, the allegations in this case fail to reveal any such mutual understanding directed towards depriving plaintiffs of any constitutional rights.

In opposition, plaintiffs argue that Earl Price and Mike Grimmer (President of Livingston Parish) joined together in a "campaign" to deprive plaintiffs of constitutional rights by writing letters, sending emails and making website postings. This campaign allegedly included defamatory remarks about plaintiffs "consorting with criminals" and "forging" a letter. According to the petition, this campaign was designed to "kill" the sale of property by Pine Shadows to Herman and Kittle Properties, Inc. All of this allegedly resulted in a litany of harms, primarily consisting of damage to the individual plaintiffs good names and reputation and the loss of due process rights by the corporate plaintiff.

---

[1] This apparently is intended to mean "The Parish of Livingston through the Livingston Parish Council."

2

Accepting the allegations as true as the court must at this stage, the court concludes that there are sufficient allegations to survive the motion to dismiss. Admittedly, there are many vague and conclusory allegations made by plaintiffs and the claims definitely need refinement. Still, the court disagrees with defendants' assessment that the only "association allege[d] between the Price Defendants and Livingston and Grimmer is that they voiced the same viewpoints with respect to Plaintiffs." There are some allegations (while barely sufficient to pass the "more than speculation" test) that are enough to infer that there was an agreement or understanding between Earl Price and Grimmer and that they acted jointly and in concert to interfere with the sale of the property.[2] There are also state law claims[3] that would prevent the wholesale dismissal of the claims against the private person defendants in any event.

---

[2] The present motion addresses state action only; the parameters of the constitutional deprivations are not (yet) in question.

[3] Defendants contend in their reply brief that there are no state law claims identified in the petition. This is at best a technical argument that does not merit dismissal considering how early it is in these proceedings.

3

Accordingly, the motion to dismiss (doc. 8) is hereby DENIED.

Baton Rouge, Louisiana, January 26th, 2012.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA